UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON E. MORRIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JOELSON, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00165-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ON PLAINTIFF'S CLAIM AGAINST DEFENDANT DR. JOELSON FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS IN VIOLATION OF THE EIGHTH AMENDMENT, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED WITH PREJUDICE<br><br>(ECF NO. 7)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

　　　Leon Morris ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action on January 30, 2020.  (ECF No. 1).  On February 11, 2020, the Court screened Plaintiff's complaint, found it stated no cognizable claims, and gave Plaintiff leave to amend.  (ECF No. 6).  Plaintiff filed a First Amended Complaint ("FAC") on March 20, 2020 (ECF No. 7), which is before this Court for screening.

　　　The Court has screened the first amended complaint, and finds that Plaintiff states a

1

cognizable claim against Defendant Dr. Joelson for deliberate indifference to serious medical needs in violation of the Eighth Amendment. The Court finds no other cognizable claims.

Accordingly, the Court recommends that this claim be allowed to proceed past the screening stage and that all other claims and defendants be dismissed with prejudice.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 5), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II.     SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's FAC alleges as follows:

Plaintiff suffers chronic, excruciating, and debilitating pain to his neck, shoulders, shoulder blades, and back from cervical spondylosis, plantar fasciitis in his right foot, and loss of cartilage at the joint of his big toe on his right foot. This leaves bone on bone friction. Plaintiff is unable to walk due to the excruciating pain. Also, he has chronic excruciating pain in his right knee. He wears a knee brace to help with his support, as well as a back brace.

Plaintiff alleges he is not receiving any treatment. Instead, Plaintiff is being allowed to suffer from this chronic, excruciating, and debilitating pain. This causes him to have more and more suicidal ideations to escape this suffering.

In 2008 or 2009, while at California State Prison, Sacramento, New Folsom, Dr. VuDuc told Plaintiff the problem with this cervical spondylosis could not be repaired and Plaintiff would have to take pain medication for the rest of his life.

In 2017, while at California State Prison, Los Angeles County, Lancaster, Plaintiff was given an MRI and an orthopedic consultation. The orthopedic surgeon told Plaintiff that he was not a good candidate for surgery because of his age, which was 65. The surgeon told Plaintiff to keep taking tramadol and gabapentin to address the pain.

A few months later, at Plaintiff's chronic care appointment, Dr. Hernandez said he would not renew Plaintiff's tramadol or gabapentin. When asked why, Dr. Hernandez told Plaintiff that CDCR was no longer going to pay for pain medication. Dr. Hernandez told Plaintiff he would prescribe Plaintiff with Tylenol Three because he did not need a supervisor's approval for Tylenol Three. He told Plaintiff that if taking two Tylenol Three three times a day was not adequate, he would consider increasing it at the next appointment.

In April of 2018, while at California State Prison Corcoran, Plaintiff was seen by Dr. Joelson. Without any rhyme or reason, Dr. Joelson discontinued Plaintiff's Tylenol Three.

This so-called Dr. Joelson told Plaintiff that Plaintiff would have to deal with chronic, excruciating, and debilitating pain.

Dr. Pearce and Dr. McCabe both simply ignored Plaintiff and his suffering. Plaintiff told Dr. Pearce about the suicidal thoughts Plaintiff is having, as well as the constant pain in Plaintiff's right foot. Dr. Pearce ignored Plaintiff and gave no response—nothing at all. When Plaintiff told Dr. Pearce about the plantar fasciitis, Dr. Pearce told Plaintiff to rub the bottom of Plaintiff's foot on the side of the bunk. A few weeks ago, Plaintiff told Dr. Pearce that rubbing Plaintiff's foot on the side of the bunk was not working at all. Dr. Pearce told Plaintiff to keep doing it even though it did nothing to relieve this pain.

Dr. McCabe simply ignored Plaintiff altogether.

Plaintiff alleges that an animal is not allowed to suffer the way he has been left to suffer. It is taken out of its misery as the humane thing to do.

### III.     ANALYSIS OF PLAINTIFF'S CLAIMS

**A. Section 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the

Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."  Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."  Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-77.  In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

**B. Deliberate Indifference to Serious Medical Needs in Violation of the Eighth Amendment**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent."  Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds by WMX Technologies v.

Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted).  Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

The Court finds that Plaintiff's claim against Defendant Dr. Joelson for deliberate indifference to serious medical needs in violation of the Eighth Amendment should proceed past the screening stage. Plaintiff has alleged that he was given pain medication by at least two doctors, but that Dr. Joelson discontinued the pain medication for no reason, telling Plaintiff that he would have to deal with his chronic, excruciating, and debilitating pain.

The Court recommends dismissing Plaintiff's claims against Defendants Dr. Pearce and Dr. McCabe. Plaintiff alleges that he verbally told Dr. Pearce about his suicidal thoughts and his constant pain, and that Dr. Pearce ignored him. However, Plaintiff provides no details

6

regarding this interaction, such as where it occurred, when it occurred, or why he was seeing Dr. Pearce. Thus, Plaintiff has failed to state an Eighth Amendment claim against Dr. Pearce based on this interaction.

Plaintiff also alleges that, when he told Dr. Pearce about the plantar fasciitis, Dr. Pearce attempted to treat his foot by recommending that Plaintiff rub it on his bunk. While Plaintiff disagrees with this treatment, Plaintiff has not alleged facts from which the Court could draw a reasonable inference that Dr. Pearce was deliberately indifferent to Plaintiff's serious medical needs.

As to Dr. McCabe, while Plaintiff alleges that Dr. McCabe ignored him, Plaintiff does not describe what he told or requested of Dr. McCabe, or any response by Dr. McCabe that would show that Dr. McCabe believes Plaintiff has a serious medical need yet disregarded that need.

Thus, the Court recommends dismissal of Plaintiff's claims against Drs. Pearce and McCabe.

**IV.   CONCLUSION AND RECOMMENDATIONS**

The Court has screened the First Amended Complaint and finds that Plaintiff states a cognizable a claim against Defendant Dr. Joelson for deliberate indifference to serious medical needs in violation of the Eighth Amendment. The Court also finds that Plaintiff has failed to state any other cognizable claims.

The Court does not recommend granting further leave to amend because the Court explained to Plaintiff why his original complaint failed to state a claim, provided Plaintiff with an opportunity to amend his complaint with the benefit of the legal standards above, and Plaintiff filed his FAC with the guidance of those legal standards. Thus, it appears that further leave to amend would be futile.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This case proceed on Plaintiff's claim against Defendant Dr. Joelson for deliberate indifference to serious medical needs in violation of the Eighth Amendment; and
2. All other claims and defendants be dismissed with prejudice.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **April 23, 2020**            /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE