UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON E. MORRIS, <br><br> Plaintiff, <br><br> v. <br><br> JOELSON, <br><br> Defendant. | Case No. 1:20-cv-00165-NONE-EPG (PC) <br><br> ORDER RE: DEFENDANT'S SCHEDULING CONFERENCE STATEMENT <br><br> (ECF No. 21) |

Leon Morris ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On December 14, 2020, the Court attempted to hold an Initial Scheduling Conference ("Conference"). Counsel David Yengoyan telephonically appeared on behalf of Defendant. Plaintiff did not appear. Defense counsel informed the Court that this was due to a medical issue.

In light of Plaintiff's medical issue, as well as the coronavirus (COVID-19) outbreak and the evolving coronavirus protocols, the Court will not reset the Conference. Instead, the Court will issue a scheduling order (which will be issued separately).

The Court will also direct Plaintiff to serve Defendant's counsel with his initial disclosures, and direct Defendant to serve Plaintiff with a copy of Plaintiff's medical file for the period January 1, 2017, to December 31, 2018.

In Defendant's scheduling conference statement, Defendant stated that he has not

received Plaintiff's initial disclosures.  Defendant's counsel confirmed on the record that he still has not received Plaintiff's initial disclosures.  Defendant's counsel also stated on the record that he has not served Plaintiff with a copy of Plaintiff's medical file for the period January 1, 2017, to December 31, 2018 (defense counsel noted in his scheduling conference statement that he has a copy of this file).[1]

Accordingly, in an effort to secure the just, speedy, and inexpensive disposition of this action,[2] and after consideration of Federal Rule of Civil Procedure 26(b)(1),[3] IT IS ORDERED[4] that:

1. Plaintiff has forty-five days from the date of service of this order to serve Defendant's counsel with his initial disclosures.  As discussed in the Court's prior order (ECF No. 19), Plaintiff shall provide Defendant with "[t]he name and, if known, the address and telephone number of each individual likely to have discoverable information−along with the subjects of that information−that

---

[1] The Court notes that, on the record, the Court directed Defendant to focus on the imminent danger exception, if Defendant chooses to file a motion to revoke Plaintiff's *in forma pauperis* status

[2] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice.  There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[3] Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Ibid*.

[4] Pursuant to Federal Rule of Civil Procedure 16, "[a]t any pretrial conference, the court may consider and take appropriate action on the following matters: . . . controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37" and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(F).  *See also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."). Federal Rule of Civil Procedure 16 vests the district court with early control over cases "toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery." *In re Arizona*, 528 F.3d 652, 655 (9th Cir. 2008) (affirming district court's requiring that prison officials prepare a *Martinez* report to give detailed factual information involving a prisoner's suit under 42 U.S.C. § 1983 and stating "district courts have wide latitude in controlling discovery."). *See also* Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclosed additional information without a discovery request.").

[Plaintiff] may use to support [his] claims or defenses, unless the use would be solely for impeachment." (Id. at 3). Plaintiff shall also provide Defendant with a "copy−or a description by category and location−of all documents, electronically stored information, and tangible things that [Plaintiff] has in [his] possession, custody, or control and may use to support [his] claims or defenses, unless the use would be solely for impeachment." (Id.)

2. Within thirty days from the date of service of this order, Defendant shall produce to Plaintiff Plaintiff's medical file for the period January 1, 2017, to December 31, 2018.

IT IS SO ORDERED.

Dated: **December 16, 2020**         /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE