UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON E. MORRIS,<br><br>            Plaintiff,<br><br>      v.<br><br>JOELSON,<br><br>            Defendant. | Case No. 1:20-cv-00165-NONE-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT: 1) THIS CASE BE DISMISSED, WITH PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS AND TO PROSECUTE THIS CASE; AND 2) ALL OUTSTANDING MOTIONS BE DENIED AS MOOT<br><br>(ECF No. 37)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Leon Morris ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On August 31, 2020, the Court issued an order setting a scheduling conference, requiring the parties to file scheduling conference statements, and requiring the parties to exchange initial disclosures. (ECF No. 19). The Court attempted to hold the scheduling conference on December 14, 2020. (ECF No. 23). However, Plaintiff did not attend (the Court was informed it was due to a medical issue). (Id.). Plaintiff also failed to file a scheduling conference statement or provide Defendant with his initial disclosures.

After the conference, the Court issued another order requiring Plaintiff to provide Defendant with his initial disclosures.[1] (ECF No. 24, pgs. 1-2). On May 28, 2021, Defendant

---

[1] As the Court did not reset the scheduling conference, the Court did not direct Plaintiff to file a scheduling conference statement.

1

filed a motion to modify the scheduling order. (ECF No. 34). According to Defendant, Plaintiff once again failed to provide Defendant with his initial disclosures. (Id. at 4). Additionally, Defendant asserted that Plaintiff failed to respond to Defendant's written discovery requests. (Id.).

Moreover, on May 12, 2021, Defendant filed a motion to dismiss under 28 U.S.C § 1915(g), to declare Plaintiff a vexatious litigant, requiring posting of security, and issuance of pre-filing order. (ECF No. 30). Plaintiff's deadline to respond passed, and Plaintiff failed to respond to the motion.

Finally, Plaintiff was transferred to a different institution, and did not file a notice of change of address. Instead, Defendant filed a notice on Plaintiff's behalf. (See ECF No. 32).

As it appeared that Plaintiff stopped prosecuting this case, on June 28, 2021, the Court ordered "that, within thirty (30) days from the date of service of this order, Plaintiff shall show cause why this case should not be dismissed, with prejudice, for failure to comply with court orders and failure to prosecute." (ECF No. 37, p. 2). The Court warned Plaintiff that if he "fails to file a response[,] the Court will recommend to a district judge that this case be dismissed, with prejudice, for failure to comply with court orders and failure to prosecute." (Id). The deadline has now passed and Plaintiff failed to file a response.[2]

Accordingly, the Court will recommend that this action be dismissed, with prejudice, for failure to comply with court orders and to prosecute this case. The Court will also recommend that all outstanding motions be denied as moot.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

---

[2] Plaintiff also failed to respond to two motions to compel filed by Defendant on July 30, 2021.

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).  Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." Id.  Here, Plaintiff's failure to obey court orders and to prosecute this case is interfering with docket management and causing delay.  Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to comply with court orders and to prosecute this case that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's orders, despite being warned of possible dismissal with prejudice, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Considering Plaintiff's incarceration and *in forma pauperis* status, it appears that monetary sanctions are of little use.  And as it appears that Plaintiff has decided to stop prosecuting this case (Plaintiff has not filed anything in this case for over a year), excluding evidence would be a meaningless sanction.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal.  Id.

After weighing the factors, the Court finds that dismissal with prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, with prejudice, because of Plaintiff's failure to comply with court orders and to prosecute this case;

    2. All outstanding motions be denied as moot; and

    3. The Clerk of Court be directed to close this case.

  These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

 Dated: **August 27, 2021**      /s/ Erica P. Grosjean
                   UNITED STATES MAGISTRATE JUDGE